**[ORAL ARGUMENT HELD SEPTEMBER 22, 2025, in Nos. 25-5144, 25-5145; ORAL ARGUMENT NOT SCHEDULED in Nos. 26-5086, 26-5087]**

**Nos. 25-5144, 25-5145, 26-5086, 26-5087**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

PATSY WIDAKUSWARA, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

MICHAEL ABRAMOWITZ, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

## MOTION TO CONSOLIDATE

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney General*

DANIEL TENNY
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
  *Attorneys, Civil Division, Room 7230*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5365*

## MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Appellate Procedure 3(b), Defendants respectfully move to consolidate the four related appeals arising out of *Widakuswara v. Lake*, No. 1:25-cv-1015-RCL (D.D.C.) and *Abramowitz v. Lake*, No. 1:25-CV-887-RCL (D.D.C.). Plaintiffs oppose the motion because they believe the preliminary-injunction appeals are moot, as set forth in Appellees' Suggestion of Mootness, No. 25-5144, Document #2164625.

The district court entered preliminary-injunction orders in both cases on April 22, 2025. *See Widakuswara v. Lake*, 2025 WL 1166400 (D.D.C. Apr. 22, 2025); *Abramowitz v. Lake*, 2025 WL 1176796, at *1 (D.D.C. Apr. 22, 2025) (granting the preliminary injunction "[f]or the reasons contained in the Memorandum Opinion in the related case, *Widakuswara*," and "enter[ing] the instant Order so that this case may [be considered] alongside *Widakuswara* for the purposes of appellate review"). As relevant here, those injunctions prohibited the U.S. Agency for Global Media from implementing certain personnel actions. The government appealed both injunctions and sought a stay pending appeal, which was granted in relevant part. These first appeals in *Widakuswara* (No. 25-5144) and

*Abramowitz* (No. 25-5145) were briefed together, argued September 22, 2025, and remain pending.[1]

This week, on March 17, 2026, the district court granted partial summary judgment to the *Widakuswara* and *Abramowitz* plaintiffs in a single decision filed in both cases. *See Abramowitz v. Lake*, 2026 WL 746989 (D.D.C. Mar. 17, 2026). The new decision provides substantially the same relief, for substantially the same reasons, as the personnel portion of the preliminary-injunction ruling currently on appeal. *See, e.g., id.* at *5 ("For substantially the same reasons addressed in the Court's preliminary injunction ruling…"); *id.* at *8 ("The record thus continues to compel the same conclusion that the Court reached at the preliminary injunction stage…"); *id.* at *10 ("as the Court held at the preliminary injunction stage…"); *id.* at *11 ("As the Court explained at the preliminary injunction

---

[1] Two other appeals were also briefed and argued alongside *Widakuswara* and *Abramowitz* because they presented a second issue that was raised in those cases, relating to grant funding. *See Radio Free Asia v. United States* (No. 25-5151) and *Middle East Broadcasting, Inc. v. United States* (No. 25-5150). On September 15, 2025, the government defendants filed a letter explaining that the grant issue was moot, and the *Radio Free Asia* and *Middle East Broadcasting* appeals were therefore moot in their entirety. Letter (Sept. 15, 2025), No. 25-5144. This Court subsequently canceled the portion of the oral argument pertaining to the grant issues. Order (Sept. 19, 2025), No. 25-5144.

stage…"); *id.* at *12 ("consistent with the Court's characterization at the preliminary injunction stage"); *id.* ("as at the preliminary injunction stage"). The government appealed the new decisions insofar as they award injunctive relief.

Federal Rule of Appellate Procedure 3(b) permits appeals to be "joined or consolidated by the court of appeals" when the parties have filed separate timely notices of appeal. Consolidation is appropriate in this case to preserve judicial resources and promote judicial economy and greater efficiency and expedition for the parties. Given that the identical order was entered in both cases, consolidation of the two new appeals with each other is warranted.

In addition, because the issues presented in these new appeals are significantly similar to those presented in the original appeals, and the new district-court orders may affect the status of the pending appeals, the new appeals should be consolidated with the original appeals in the same cases. The district court has not yet entered final judgment, so it is not clear that the new appeals entirely supersede the preliminary-injunction appeals, but in any event the new appeals may be susceptible to resolution in whole or in part based on the briefing and oral argument that has already been

conducted.  We therefore respectfully request that all four appeals be

consolidated.[2]

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant*
  *Attorney General*

DANIEL TENNY

*/s/ Derek Weiss*
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
  *Attorneys*
  *Civil Division, Room 7230*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5365*
  *derek.l.weiss@usdoj.gov*

March 2026

---

[2] As noted above, because the *Radio Free Asia* and *Middle East Broadcasting* appeals are moot and never presented the personnel matters at issue here, there is no basis to consolidate those appeals with these.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 668 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*
DEREK WEISS