**ORAL ARGUMENT NOT SCHEDULED**

**Nos. 26-5086, 25-5087**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

PATSY WIDAKUSWARA, ET AL.,
Plaintiffs-Appellees,

v.

KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE
ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants,

MICHAEL ABRAMOWITZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
VOICE OF AMERICA, ET AL.,
Plaintiffs-Appellees,

v.

KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE
ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants,

**APPELLEES' MOTION TO DISMISS APPEAL OR IN THE
ALTERNATIVE STRIKE APPELLANTS' EMERGENCY STAY MOTION**

Counsel for Plaintiffs-Appellees in *Widakuswara* and *Abramowitz* are listed on
signature pages

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

**A. Parties**

All parties appearing before the district court and in this Court are listed in Defendants-Appellants' Motion.

**B. Rulings under review**

Defendants-Appellants have appealed from orders granting plaintiffs' motions for partial summary judgment in *Abramowitz v. Lake*, No. 25-887 (D.D.C.), Dkt. Nos. 133, 134, and in *Widakuswara v. Lake*, No. 25-cv-1015 (D.D.C.), Dkt. Nos. 222, 223, only insofar as the orders impose injunctive relief requiring the government to return hundreds of employees from administrative leave by Monday, March 23, 2026.

The district court has vacated that aspect of its relief in No. 25-cv-1015 (D.D.C.), Dkt. No. 228 and No. 25-887 (D.D.C.), Dkt. No. 141. There is therefore no longer a ruling under review.

**C. Related cases**

Part of this case has previously been before this Court in *Widakuswara v. Lake*, 25-5144, and *Abramowitz v. Lake*, 25-5145. Part of the *Abramowitz* case has also been before the Court in 25-5314. Four related cases are pending in the United States District Court for the District of Columbia. *See RFE/RL, Inc. v. Lake*, 25-799 (D.D.C.), *stay granted*, 25-5158 (D.C. Cir.); *Open Technology Fund v. Lake*, 25-

840 (D.D.C.), *appeal pending*, 26-5031 (D.C. Cir.); *Middle East Broadcasting Networks, Inc. v. Lake*, 25-966 (D.D.C.), *appeal pending*, 25-5150 (D.C. Cir);

*Radio Free Asia v. Lake*, 25-907 (D.D.C.), *appeal pending*, 25-5151 (D.C. Cir.).

*/s Georgina Yeomans*
Georgina Yeomans

# RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Plaintiffs-Appellees Reporters Sans Frontières, Reporters Without Borders, Inc.; American Federation of State, County and Municipal Employees ("AFSCME"); American Federation of Government Employees ("AFGE"); American Foreign Service Association ("AFSA"); and The NewsGuild-CWA ("TNG-CWA") make the following disclosures:

Plaintiff-Appellee Reporters Without Borders, Inc. is a 501(c)(3) non-profit organization headquartered in Washington, D.C. and is the United States affiliate of Plaintiff-Appellee Reporters Sans Frontières, which is headquartered in Paris, France.

Plaintiff-Appellee AFSCME is a national labor organization and unincorporated membership association headquartered in Washington, D.C. AFSCME is the largest trade union of public employees in the United States.

Plaintiff-Appellee AFGE is a labor organization and unincorporated association headquartered in Washington, D.C. AFGE is the largest federal employee union.

Plaintiff AFSA is a professional association and labor organization headquartered in Washington, D.C. AFSA is the sole labor organization for the United States Foreign Service.

Plaintiff TNG-CWA is a labor union representing more than 27,000 employees. It is the largest labor union representing journalists and media workers in North America.

No Plaintiff-Appellee has a parent corporation, and no publicly held company owns 10% or more of any Plaintiff-Appellee's stock.

## MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE STRIKE APPELLANTS' EMERGENCY STAY MOTION[1]

On March 17, the district court granted in part Plaintiffs-Appellees' motion for partial summary judgment on their Administrative Procedure Act claims, holding the Defendants-Appellants acted in violation of the APA when they carried out a plan to minimize operations at the U.S. Agency for Global Media, and vacating the actions the Agency took to carry out that plan.

As part of its vacatur relief, the district court ordered that "no later than March 23, 2026, all employees placed on administrative leave pursuant to the defendants' March 2025 directive shall return to work." ECF 222, in 25-cv-1015. Defendants appealed from the court's identical orders, entered in both *Widakuswara v. Lake*, No. 25-cv-1015, and *Abramowitz v. Lake*, No. 25-cv-887, "insofar as the orders impose injunctive relief requiring the government to return hundreds of employees from administrative leave by Monday, March 23, 2026." Defs.' Emergency Mot. for Stay at 3.

Defendants filed a motion for a stay pending appeal with the district court at 10:34 p.m. on March 19, raising for the first time that compliance with the district court's March 23 directive was administratively infeasible. *See* ECF 225-1, in 25-cv-1015. Before Plaintiffs could respond or the district court could rule on that

---

[1] Plaintiffs-Appellees contacted Defendants-Appellants for their position on this motion. Defendants-Appellants declined to provide their position.

motion, Defendants filed an emergency stay motion with this Court at 1:04 p.m. on March 20.  At 10:10 p.m. on March 20—less than 24 hours after Defendants filed their motion in the district court—the district court denied Defendants' motion to stay pending appeal but vacated its March 23 deadline to return employees to active duty and instead ordered Defendants to provide the Court with status updates as to its compliance with the Court's interlocutory vacatur order.

"Under Article III of the Constitution of the United States, a federal court 'may only adjudicate actual, ongoing controversies.'" *Mehneh v. Rubio*, 164 F.4th 928, 931 (D.C. Cir. 2026) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). When an order challenged on appeal "is no longer in effect," the appeal must be dismissed as moot. *United States v. Weston*, 194 F.3d 145, 146 (D.C. Cir. 1999).

Defendants have framed their challenge on appeal narrowly, extending only "insofar as the orders impose injunctive relief requiring the government to return hundreds of employees from administrative leave by Monday, March 23, 2026." Defs.' Emergency Mot. for Stay at 3. The district court has now vacated that aspect of its partial summary judgment order in deciding Defendants' motion for a stay pending appeal. *See* ECF 228 in 25-cv-1015 (attached). The appeal should accordingly be dismissed as moot.

In the alternative and at a minimum, the Court should strike Defendants' emergency motion to stay pending appeal. The emergency motion asks this Court

to "stay pending appeal the requirement to return employees to work 'no later than March 23.'" Defs.' Emergency Mot. for Stay at 23. As discussed, the district court has vacated that portion of its order.

A party seeking a stay "must" first file a motion in the district court unless it can show that doing so "would be impracticable." Fed. R. App. Proc. 8(a)(2)(A). "This is the cardinal principle of stay applications." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *see, e.g., Powder River Basin Res. Council v. U.S. Dep't of Interior*, No. 24-5268, 2025 WL 312649, at *1 (D.C. Cir. Jan. 24, 2025); *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). That's because the district court is in the best position to decide in the first instance whether a stay is warranted and whether the circumstances warrant exercising discretion to grant such extraordinary relief. *See Nken v. Holder*, 556 U.S. 418, 433 (2009); *see also Aberdeen & Rockfish R.R. v. Students Challenging Regul. Agency Proc.*, 409 U.S. 1207, 1218 (1972) (stay decisions are reviewed for abuse of discretion).

The reason for the rule is particularly obvious here. In their stay application before the district court Defendants submitted for the first time their representations that they could not comply with the Court's March 23 deadline. This was also the first time Plaintiffs became aware of Defendants' position on their ability to comply with the district court's March 23 deadline. Before the

district court, Defendants represented that they "ha[ve] developed a detailed Reconstitution Plan" and "determined that [USAGM] has the capacity to onboard approximately 70 employees a week." *See* ECF 228 in 25-cv-1015 at 7-8. The district court was willing to accept the government's representations at face value, resulting in its decision to vacate the portion of its order that Defendants-Appellants have moved to stay.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the instant appeal as moot or, in the alternative, strike Defendants-Appellants' emergency motion to stay.

Dated: March 21, 2026

ZUCKERMAN SPAEDER LLP


_____/s/_____
William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Abramowitz Plaintiffs*




EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP


_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

Respectfully submitted

AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
AFL-CIO (AFSCME)


_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*



DEMOCRACY FORWARD FOUNDATION


_____/s/_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign
Service Association (AFSA)*

MEDIA FREEDOM & INFORMATION
ACCESS CLINIC – YALE LAW SCHOOL

_____/s/_____
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy
Widakuswara, Jessica Jerreat, Kathryn
Neeper, and John Does 1-4*

** The views expressed herein do not
purport to represent the institutional
views of Yale Law School, if any.

Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American
Federation of Government Employees,
AFL-CIO (AFGE)*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of

Appellate Procedure 27(d)(2)(A) because it contains 816 words. This motion also

complies with the typeface and type-style requirements of Federal Rule of

Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in

Times New Roman 14-point font, a proportionally spaced typeface.

/s/ *Georgina Yeomans*
Georgina Yeomans