**[ORAL ARGUMENT NOT SCHEDULED]**

**Nos. 26-5086, 26-5087**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

PATSY WIDAKUSWARA, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

————————————

MICHAEL ABRAMOWITZ, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

————————————

**OPPOSITION TO APPELLEE'S MOTION TO DISMISS AND STRIKE**

————————————

BRETT A. SHUMATE
  *Assistant Attorney General*
YAAKOV M. ROTH
  *Principal Deputy Assistant*
  *Attorney General*
DANIEL TENNY
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
  *Attorneys*
  *Civil Division, Room 7230*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 616-5365

## OPPOSITION TO MOTION TO DISMISS AND STRIKE

The district court ordered the U.S. Agency for Global Media to reinstate hundreds of employees, and imposed a deadline of March 23 (less than one week after the district court's order) for their return to work. When the government moved to stay the district court order, the district court purported to vacate the March 23 deadline but instructed the government to file periodic status reports regarding its progress toward fulfilling the underlying injunctive decree. That deadline extension mitigates the extreme time-sensitivity of the government's original motion but does not eliminate either the need or the basis for a stay—let alone moot the entire appeal. The district court is still ordering the agency to reverse hundreds of personnel decisions under judicial supervision, an order the court lacks jurisdiction to enter and that imposes irreparable harm on the government.

Plaintiffs' suggestion that the government may no longer seek relief from the district court's order is extraordinary. We do not understand plaintiffs to suggest that the government is no longer required to comply with the district court's injunction. *See* Mot. to Dismiss (MTD) at 7 ("[T]he district court denied Defendants' motion to stay pending appeal but vacated its March 23 deadline to return employees to active duty and instead ordered

Defendants to provide the Court with status updates as to its compliance with the Court's interlocutory vacatur order"). The government's appeal is therefore plainly not moot. The fact that the government described its appeal as challenging an order that had a compliance deadline does not remotely suggest that the government no longer has an interest in challenging the order now that the deadline has been extended. And that common-sense point should be all the more clear because the government's motion in this Court did not challenge the district court's order on the ground that the deadline was unreasonable, but instead on the ground that the district court lacked jurisdiction to enter the order at all.

Plaintiffs' motion to dismiss or to strike should therefore be denied, and the Court should proceed to adjudicate the government's stay motion once briefing on that motion has concluded.

## I. The Appeal Is Plainly Not Moot.

An appeal becomes moot "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). Nothing about the district court's March 20 Order means that this Court can no longer grant any effectual relief from the obligations imposed by the March 17 Order.

2

Plaintiffs' argument to the contrary is confusing.  Plaintiffs rightly recognize that "[w]hen an order challenged on appeal 'is no longer in effect,' the appeal must be dismissed as moot."  MTD at 7.  But the March 17 Order is obviously still in effect, given the district court reiterated the government's ongoing obligation to come into "compliance with the Court's March 17 Order."  Dkt. 228 at 8.  Indeed, the district court's order merely allows the government to comply on a more realistic timeline.[1]

Plaintiffs do not meaningfully argue otherwise.  Instead, they attempt to distort the nature of the government's appeal.  Plaintiffs insist that the government appealed only the compliance deadline, not the underlying obligations of the injunction.  MTD at 7.  This contention is belied by the notices of appeal, which contain no such limitation:

> Defendants (the U.S. Agency for Global Media; Kari Lake; and Victor Morales) hereby provide notice of appeal to the United States Court of Appeals for the District of Columbia Circuit of this Court's March 17, 2026, decision, ECF Nos. 222, 223, granting in part and denying in part Plaintiffs' motion for partial summary judgment on Count V and granting in part and denying in part Defendants' cross-motion for partial summary judgment.

---

[1] Although the district court styled its new order as vacating part of its prior order, it should likely be construed as a partial stay, as the district court lacked jurisdiction to modify the order on appeal to this Court.

*Widakuswara* Dkt. 224.[2]

Rather than looking to the notices of appeal to see what was appealed, Plaintiffs rest their argument on an implausible interpretation of a single sentence from the government's description of the rulings under review in the stay motion:

> Defendants-Appellants have appealed from identical memorandum opinions and orders granting plaintiffs' motions for partial summary judgment in *Abramowitz v. Lake*, No. 25-887 (D.D.C.), Dkt. Nos. 133, 134, and in *Widakuswara v. Lake*, No. 25-cv-1015 (D.D.C.), Dkt. Nos. 222, 223, *insofar as the orders impose injunctive relief requiring the government to return hundreds of employees from administrative leave by Monday, March 23, 2026*. One copy of the identical opinions and orders are attached to this motion. This motion seeks an emergency stay of that injunctive aspect of the summary-judgment decision encapsulated in the opinions and orders.

Motion for Stay, at Certificate Part B (emphasis added).  On the basis of that description, Plaintiffs contend that the government's appeal is limited only to the March 23 deadline.  Not so.  The quoted sentence simply describes the injunctive obligation as it stood when the government filed the motion.  And the rest of the stay motion makes clear that the government is appealing the "injunctive aspect" of the order, *id.*, not just the deadline.  *See, e.g., id.* at 3, 8.

---

[2] *Abramowitz* Dkt. 137 is substantially similar, adjusted for references to different claim and docket numbers.

4

Although they do not elaborate on the point, plaintiffs at times seem to suggest that the only part of the district court's order that is subject to immediate appeal was the March 23 deadline. *See* MTD at 7 (referring to "interlocutory vacatur order"). But any order that has the effect of an injunction is appealable. *See Salazar ex rel. Salazar v. District of Columbia*, 671 F.3d 1258, 1262 (D.C. Cir. 2012) (appellate jurisdiction extends to orders having practical effect of granting an injunction). Plaintiffs cannot have it both ways. If the government is compelled to take action to "comply" with the district court's order, the government is also entitled to appeal it. And the government has made clear that it seeks relief from the order requiring it to reinstate employees. Accordingly, the appeals are not moot.

## II.    The Motion Is Plainly Not Moot.

Plaintiffs fare no better in mischaracterizing the motion as seeking only relief from the deadline—the basis of their argument to strike the motion as moot. The operative language in the motion's introduction plainly says:

> The government therefore respectfully requests a stay pending appeal of the injunctive order to restore employees from administrative leave. Because of the compliance deadline of Monday, March 23, the government also requests an immediate administrative stay before that date.

Motion for Stay at 3.  In other words, the deadline was the reason the government needed relief *so quickly* — but the injunction itself is what triggers the need for a stay.  A few other sentences that reference the then-applicable deadline do not mean that the government sought relief only from the deadline.  The rest of the motion makes obvious the Plaintiffs' erroneous reading.  So does the district court's order.  If all the government sought was a stay of the deadline, then the district court would have granted the government's motion.  But instead, because the government sought a stay of the injunction, the district court denied the motion.  Accordingly, "the injunctive order to restore employees from administrative leave" — the subject of the government's stay motion in both the district court and this Court — remains in effect.

### III.   The Government's Stay Request Remains Pending.

As the government's earlier filing explained, the district court's latest order means the government no longer needs an administrative stay over the weekend.  But the government remains subject to an obligation to return 484 employees from administrative leave, with status reports due every two weeks beginning on April 1.  The Court should therefore proceed to resolve

the government's stay motion once briefing on that motion is complete, and

ideally before the new April 1 deadline.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant
Attorney General*

DANIEL TENNY

 */s/ Derek Weiss*

DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
*Attorneys
Civil Division, Room 7230
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 616-5365*

*derek.l.weiss@usdoj.gov*

March 2026

7

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,336 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Derek Weiss*

Derek Weiss

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Derek Weiss*

Derek Weiss