**[ORAL ARGUMENT HELD SEPTEMBER 22, 2025, in Nos. 25-5144, 25-5145; ORAL ARGUMENT NOT SCHEDULED in Nos. 26-5086, 26-5087]**

**Nos. 25-5144, 25-5145, 26-5086, 26-5087**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

PATSY WIDAKUSWARA, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

MICHAEL ABRAMOWITZ, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney General*

DANIEL TENNY
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
  *Attorneys, Civil Division, Room 7230*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5365*

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiffs' opposition to the motion to consolidate only underscores why consolidation is appropriate.  Plaintiffs seem to simultaneously claim the earlier preliminary-injunction appeals were mooted by the entry of permanent relief in the district court's subsequent March 17, 2026 order while arguing that the appeals from the March 17, 2026 order are moot because the March 17, 2026 order has no ongoing effect.  *See* Opp. to Motion to Consolidate 2-4.  (Plaintiffs' opposition does not include page numbers, so citations are to the PDF page number).   These inconsistent positions underscore that whether the previous and new appeals are moot are potentially related questions that themselves warrant consolidation in addition to the common jurisdictional and merits issues discussed in our motion.  *See* Mot. to Consolidate 2-3.

It is unclear whether the preliminary-injunction appeals are moot because the March 17, 2026 order is not a final judgment.  For the reasons more fully explained in our opposition to plaintiffs' motions to dismiss the new appeals, those appeals are plainly not moot.  Plaintiffs' contention rests on the absurd and unsupported position that the government, for some unstated reason, and through some unstated mechanism, forewent

any appeal from the injunctive obligations contained in the March 17, 2026 order and instead appealed only the deadline to comply with the obligations. The government clearly appealed and sought relief from the underlying obligation to return employees from administrative leave.

Finally, plaintiffs suggest that the issues in the earlier and later appeals are different because the district court ruled based on a more developed record. But they notably cite and quote (at 4) only their own filing and not the district court order, which repeatedly explained it was reaching many of its conclusions for the same reasons as before—without regard to developments in the record. *See* Motion to Consolidate at 2-3 (collecting quotes). Regardless of whether the new record affects a few issues in the appeals, the appeals still have many significant overlapping issues, and the parties and Court would benefit from consolidating the appeals.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant
    Attorney General*

DANIEL TENNY

 */s/ Derek Weiss*
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
  *Attorneys
  Civil Division, Room 7230
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 616-5365
  derek.l.weiss@usdoj.gov*

March 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C), because it contains 344 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*
DEREK WEISS