**[ORAL ARGUMENT HELD SEPTEMBER 22, 2025]**

**Nos. 25-5144, 25-5145**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

PATSY WIDAKUSWARA, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

————————————

MICHAEL ABRAMOWITZ, *et al.*,

Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

Defendants-Appellants.

————————————

**RESPONSE TO APPELLEES' SUGGESTION OF MOOTNESS**

————————————

BRETT A. SHUMATE
   *Assistant Attorney General*
YAAKOV M. ROTH
   *Principal Deputy Assistant*
   *Attorney General*
DANIEL TENNY
DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
   *Attorneys*
   *Civil Division, Room 7230*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 616-5365

**RESPONSE TO APPELLEES' SUGGESTION OF MOOTNESS**

These appeals would only be moot if the preliminary injunctions that were challenged on appeal were no longer in place. Plaintiffs have failed to explain why that has occurred. Plaintiffs' suggestion that the appeals are moot relies on cases in which a preliminary injunction was eliminated by the entry of final judgment. But there has been no final judgment here; instead, the district court issued new injunctions. While the new injunctions may be repetitive of the original ones, the original injunctions do not appear to have been formally displaced, and accordingly the appeals are not moot.

As the "party asserting a case is moot," plaintiffs have failed to carry their "'heavy burden' of establishing mootness." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010). "A preliminary injunction remains in effect until a final judgment is rendered or the complaint is dismissed, unless it expires earlier by its own terms, or is modified, stayed, or reversed." 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed. 2026). Except for this Court's stays pending appeal—which plainly do not moot the appeals—none of those circumstances has occurred.

In particular, these cases have not reached final judgment. Instead, the district court granted summary judgment on some but not all claims. *See*

*Widakuswara* Dkt. 223, at 9. The new appeals from these recent orders are—as plaintiffs repeatedly stress, *see* Suggestion of Mootness 4 & n.2—only interlocutory appeals.

Plaintiffs nonetheless call the recent district court orders "final relief," *id.* at 1, 3, and "final judgment," *id.* at 2. But there is nothing final about partial summary-judgment orders. *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 813-14 (D.C. Cir. 2024). Absent designating the orders final under Federal Rule of Civil Procedure 54(b)—which was not done here—"any order or other decision, however designated, that adjudicates fewer than all the claims … does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also* Wright & Miller, *supra*, §§ 3914.28 & n.12, 4478.1. "[I]njunctions are no more 'final' than any other orders for purposes of revision consistent with Rule 54(b)." *Afghan & Iraqi Allies*, 103 F.4th at 814.

It is not even clear whether these cases involve entry of a *permanent injunction*—words that are not found anywhere in the new district-court orders. Nor did the district court apply the standard or make the findings typically associated with a permanent injunction. But in any event, whether

2

or not the new injunctions are permanent, they plainly are not part of a final judgment.

Plaintiffs thus entirely miss the mark when they invoke the rule that "final judgment" can "rende[r] the appeal [of a preliminary injunction] moot" when "the trial court enters a permanent injunction, because the former merges into the latter." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 313-14 (1999). That rule follows from the rule that "[a] preliminary injunction remains in effect until a final judgment is rendered …." Wright & Miller, *supra*, § 2947; *see also Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one."). The few cases plaintiffs cite merely reflect this final-judgment principle, *Grupo Mexicano*, 527 U.S. at 314; *State of N.M. v. Watkins*, 969 F.2d 1122, 1138 (D.C. Cir. 1992) (per curiam); or do not even involve an appeal's becoming moot, *Fund For Animals, Inc. v. Hogan*, 428 F.3d 1059, 1064 (D.C. Cir. 2005).[1]

---

[1] Plaintiffs' quotation (at 3) from *Fund For Animals* is puzzling. That case involved neither a preliminary injunction nor an appeal becoming moot. There, the agency's out-of-court actions mooted a pending district court case, with the Court of Appeals affirming the dismissal.

When there is no final judgment, the preliminary injunction does not terminate. *See, e.g.*, *Wellington v. Daza*, 795 F. App'x 605, 608 (10th Cir. 2020) (discussing a district court order granting "partial summary judgment [on] only six of the seven claims at issue in the case" stating that the court was not "aware of any" "case declaring mootness in this context"). As the Eleventh Circuit has explained in a related context, "the reason a final judgment moots such an appeal is that a preliminary injunction lasts only until final judgment." *Upside Foods Inc v. Comm'r, Fla. Dep't of Agric. & Consumer Servs.*, No. 24-13640, 2026 WL 797121, at *6, --- F.4th ---- (11th Cir. Mar. 23, 2026). Accordingly, an appeal was not moot when the denial of a preliminary injunction was followed by a dismissal of the relevant claim—but not the entire complaint—while the appeal was pending. *Id.* Similarly here, when there are no final judgments, appeals of the preliminary injunctions are not moot.

This rule makes perfect sense, as this case illustrates. The government has appealed the preliminary injunctions, fully briefed the case, and presented oral argument. If the district court had issued final judgments, the preliminary injunctions would expire by operation of law, and the government would need to determine whether to appeal the final

4

judgments. But what the district court has done instead is to issue essentially the same injunction, again in an interlocutory posture, based on much of the same reasoning as before. Plaintiffs' suggestion that the government needs to start all over with new appeals, even without any guarantee that the new injunctions are the district court's final actions and thus that the government will not need to appeal again at final judgments or after another development, flies in the face of judicial economy and basic fairness to litigants seeking appellate review of interlocutory orders.

District courts generally lack authority to modify orders that are on appeal, precisely to ensure that they do not present a moving target for appellants in this Court. *See* Wright & Miller, *supra*, § 3921.2. The idea that a district court can merely swap in a new injunction for the original one and thus force the appellant to start from scratch is in significant tension with that rule as well. Here, in any event, the district court did not even purport to vacate its prior order, much less explain why it would have jurisdiction to do so. The closest the court came was to suggest that various motions related the original injunctions were moot, *see* Dkt. 222 at 2, but the district court did not describe the justification for that understanding or acknowledge the

5

jurisdictional issues that arise because the original injunctions are on appeal to this Court.

Contemporaneous with the filing of this response, the government is filing a motion to establish procedures to address the unusual circumstances presented by these consolidated appeals in the most efficient manner possible. But unless and until the district court enters final judgment, the appeals from the preliminary injunctions are not moot, and should not be dismissed. If plaintiffs wish to bring this litigation to a close, they are welcome to dismiss their remaining claims and bring the cases to final judgment. But they cannot short-circuit the government's existing appeals of the preliminary injunctions without doing so.

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

YAAKOV M. ROTH
   *Principal Deputy Assistant*
    *Attorney General*

DANIEL TENNY

*/s/ Derek Weiss*

DEREK WEISS
ELIZABETH HEDGES
BRANTLEY MAYERS
   *Attorneys*
   *Civil Division, Room 7230*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 616-5365*

   *derek.l.weiss@usdoj.gov*

April 2026

7

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of this Court's March 31, 2026 order because it contains 1,240 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Derek Weiss*
Derek Weiss

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Derek Weiss*
Derek Weiss